No. 52.—SACKETT, DAVIS & POTTER, plaintiffs in error, *vs.* TUCKER, BURKE & THORNTON, defendants in error.

[1.] An action of debt was brought on a bond, which the declaration alleged to have been taken by the Sheriff from the principal obligors, while they were in custody of the Sheriff, and as to which the declaration contained other allegations, going to show that the bond was intended, by the Sheriff and all the obligors, to be an ordinary bail bond; and also contained an allegation, that the bond was "voluntarily tendered" to the plaintiffs by the obligors. In support of the action, the only evidence introduced was the bond itself. This corresponded with the declaration, except that it lent no support to the allegation, that the bond was voluntarily tendered. A motion for a non-suit was sustained : *Held*, that the motion ought to have been sustained.

Debt, in Stewart Superior Court. Decision by Judge WOR-RELL, April Term, 1855.

This was an action on a bond purporting to be and taken as a bail bond. ' The condition of the bond was, "if the said G. and J. Zuker, (the principals) in case they are cast in said suit, shall render their bodies to prison, in execution of the same, in terms of the law, in such case made and provided, and upon failure thereof, the securities will do it for them."

A motion was made for a non-suit, on the ground, that the bond has therein a condition onerous to the obligors, and not authorized by law ; and therefore, void.

The Court sustained the motion, and this decision is assigned as error.

CLARK, for plaintiff in error.

J. JONES ; HARRISON, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] These parties have been in this Court once before on this bond. The case was then on a *scire facias* against the

bail, in pursuance of the fifteenth section of the Judiciary Act of 1799. And the decision was, that the bond was not good as a bail bond. That decision the parties plaintiff, in the present case, say that they do not seek to disturb. They, in this case, treat the bond as a bond executed *voluntarily* on the part of the obligors.

The decision complained of, is a decision sustaining a motion for a non-suit. What evidence was introduced by the plaintiffs in the case, the bill of exceptions does not show. It shows enough, however, to authorize the inference, that the bond, itself, was in evidence.

Does the bond, then, by itself, constitute a sufficient evidence to support the declaration?

The declaration alleges that Potter, one of the plaintiffs, made affidavit that the two Zukers were indebted to the plaintiffs $678 03, besides interest, and that "defendant" (doubtless a mistake for deponent) had reason to apprehend the loss of said sum, or some part thereof, unless the said Zukers should be held to bail; that this affidavit was filed, and copies of it were attached to the declaration and process, and to the copies thereof; that afterwards, the Clerk issued process in the usual form; that on the back of the declaration and process, the amount sworn to was endorsed; that "said declaration, process and copy-affidavit, having the amount sworn to endorsed thereon, (making the same a bail process) was placed in the hands of the Sheriff, and was, by him, duly served and executed on the said two Zukers, "by serving each of them with a copy thereof, and by taking each of them in custody;" and that the said Zukers being so in custody at the suit of them, the plaintiffs, "by virtue of said bail process, afterwards and before the return of said writ, gave" the said Tucker, Thornton & Burke, "as securities for the performance of certain acts and stipulations as in the bond," were contained, in consideration of one thousand dollars paid by the said Zukers to said Tucker, Thornton & Burke; and that the said two Zukers, Tucker, Thornton & Burke then *voluntarily* tendered and delivered to the plaintiffs their bond for

Sackett Davis and Potter *vs.* Tucker, Burke and Thornton.

$1356 06, with a condition, in substance, as follows: "That whereas a civil process, requiring bail at the suit of said firm of Sackett, Davis and Potter in an action of debt, returnable to the Superior Court of said county on the third Monday in October next, (after the date of said bond) hath been served upon the said Goodman and Jerome Zuker; now if the said Goodman and Jerome, in case they are cast in the said suit, shall render their bodies to prison, in execution of the same, in terms of the law, in such cases made and provided, and upon failure thereof, the said securities will do it for them, then the said bond to be void, else to remain in full force." The declaration then alleges, that the plaintiffs recovered against the Zukers in the suit, and that for the amount of the recovery a *ca. sa.* was issued against the Zukers, which was returned with the entry, that neither of them was to be found, and that they did not render their bodies to prison, nor did the said Tucker, Thornton & Burke do it for them.

This is the declaration. The essential allegation in it, under the circumstances, is, that the obligors "*voluntarily*" tendered and delivered to your petitioners the bond in question. Now does the bond, itself, when considered as evidence, show this allegation to be true? If the bond shows any thing on the point, it shows the contrary to be true. If it shows any thing, it shows that the bond was not given voluntarily by the principal obligors, but was given by them under duress—given whilst they were in custody—given to obtain their liberty.

And when we look at the allegations in the declaration, as a whole, we are obliged to come to the conclusion, that they show the bond to be not a voluntary bond, but a bond, taken as an ordinary bail bond is taken—a bond, i. e. extorted under process of law, from a person in custody.

This being so, we have to consider the Court below to have been right in sustaining the motion for a non-suit.

I remark, that I am not to be understood, by any thing above said, as committed to the proposition, that a bond

which is void as "a Statutory bond," can be good as "a Common Law" bond.

It is proper for me also to say, that the Reporter was mistaken in saying, in his report of this case, when it was first in this Court, that I did not preside in it because I had formerly been of Counsel in it. I was never of Counsel in it. When the case was called, I did not happen to be on the bench, having left the bench on account of another case, or of other cases. Before I got back to the bench, this case had been argued, the argument having been a very short one. This was the reason why I did not then preside in the case.